UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ALASKA PROTEIN RECOVERY, LLC, )
) No. C09-0990RSL
                Plaintiff, )
   v. )
) ORDER COMPELLING
ROBINSON PHARMA, INC., ) ARBITRATION
)
                Defendant. )
_____)

        This matter comes before the Court on "Defendant Robinson Pharma, Inc.'s Motion to Compel Arbitration and to Dismiss or Stay Claims Pursuant to the Federal Arbitration Act." Dkt. # 5. Defendant seeks to enforce the arbitration provision in the Supply Agreement between the parties (dated October 1, 2008). Plaintiff acknowledges that the arbitration provision applies to this dispute, but argues that defendant waived the provision when it failed to agree to arbitrate before Arbitration Service of Portland ("ASP"). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

        Pursuant to the Federal Arbitration Act, a written agreement to arbitrate a dispute "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiff provides no authority for its waiver argument, and the Court is unaware of any grounds at law or in equity that would make the arbitration provision unenforceable in the circumstances presented here. The Supply Agreement

ORDER COMPELLING ARBITRATION

requires arbitration before "JAMS or another alternative dispute resolution provider of comparable reputation, quality and neutrality . . ." in "Portland, Oregon, unless the Parties mutually agree to another location." Supply Agreement ¶¶ 6.3(b) and (c). The contract did not require agreement of the parties before a provider other than JAMS could be utilized. Defendant's failure to agree to arbitrate before APS did not, therefore, violate any provision of the contract or make arbitration in Portland impossible. Plaintiff was free to initiate arbitration in Portland through JAMS or through another service comparable to JAMS.[1] Instead, it unilaterally chose to file a federal action in Seattle, violating both the arbitration provision and the venue agreement. Because plaintiff's decision to initiate litigation in Seattle was not compelled by defendant's conduct, an award of fees and costs is not appropriate.

For all of the foregoing reasons, the motion to compel arbitration is GRANTED. If the dispute is not resolved through settlement, the parties shall proceed to arbitration in Portland, Oregon (unless they mutually agree on another location) before JAMS or an alternative dispute resolution provider comparable to JAMS in reputation, quality, and neutrality. Plaintiff's claims are hereby DISMISSED. The Clerk of Court is directed to enter judgment in the above-captioned matter.

Dated this 25th day of January, 2010.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

---

[1] Assuming, for purposes of this motion, that JAMS does not have a permanent office in Portland, Oregon, plaintiff could have requested that a JAMS arbitrator hold the arbitration hearing in Portland as contemplated by the JAMS Comprehensive Arbitration Rules and Procedures 6(b) and 19(a). Supp. Decl. of Tyler L. Farmer (Dkt. # 14), Ex. 4.

ORDER COMPELLING ARBITRATION        -2-